The defendants pleaded solvit ad diem and solvit post diem, relying on the presumption created by the lapse of twenty years. They have also pleaded the act of the General Assembly, passed in 1715, concerning proving wills and granting letters of administration. And whether by either of these pleas the plaintiff is barred of a recovery, is submitted to the opinion of the Court.
We are of opinion that the plaintiff is barred by the Act of 1715, referred to, more than seven years having elapsed from the death of the debtor before this suit was brought.
Judgment for defendant.
It is proper to be remarked by the reporters, that in the case of Ogden, administrator, etc., Blackledge, executor, etc., which went to the Supreme Court of the United States, from the Circuit Court of North Carolina, it was determined that the Act of 1715 was repealed by an act (485) passed in 1789, and therefore no bar to a recovery in a case such as the foregoing. It is much to be regretted that, on such an important question, such different decisions have been made and that the right of recovery in such a case should depend on the mere circumstance of the plaintiff being entitled or not to sue in the Court of the United States.
NOTE. — See Young v. Farrel, 3 N.C. 219, and the note thereto. *Page 399